Xian Qiang GUAN, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 05–72848.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 8, 2007.*

Filed Jan. 12, 2007.

Gang Zhou, Esq., New York, NY, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Peter R. Maier, Esq., U.S. Department of Justice Civil Division/Appellate Staff, Washington, DC, for Respondent.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: ALARCÓN, HALL and PAEZ, Circuit Judges.

## MEMORANDUM **

Xian Qiang Guan, a native and citizen of China, petitions for review of the Board of Immigration Appeals' ("BIA") decision dismissing his appeal from an Immigration Judge's ("IJ") denial of his application for asylum. We have jurisdiction under 8 U.S.C. § 1252. We review adverse credibility determinations for substantial evidence, *Malhi v. INS,* 336 F.3d 989, 992 (9th Cir.2003), and review claims of due process violations de novo, *Sanchez–Cruz v. INS,* 255 F.3d 775, 779 (9th Cir.2001). We grant the petition for review and remand.

The IJ's adverse credibility finding is not supported by substantial evidence. Guan testified consistently with the medical report documenting the frequency of his wife's fertility examinations. *See Zi Lin Chen v. Ashcroft,* 362 F.3d 611, 618 (9th Cir.2004) (no basis for adverse credibility finding where petitioner testified consistently and gave logical explanation for perceived discrepancy). He also reasonably explained that his wife was able to venture out of her mother's house on a few occasions while she was in hiding without being detected. *See id.* Moreover, the IJ's remaining findings are based on improper speculation, and thus cannot support the adverse credibility determination. *See Kaur v. Ashcroft,* 379 F.3d 876, 887 (9th Cir.2004). Finally, because each of the IJ's proffered reasons for the adverse

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

credibility finding fails, Guan's testimony must be accepted as true, and no further corroboration is required. *See id.* at 889–90.

Guan's contention that his right to due process was violated fails, because the proceedings were not "so fundamentally unfair that he was prevented from reasonably presenting his case." *Colmenar v. INS,* 210 F.3d 967, 971 (9th Cir.2000) (citation omitted).

Accordingly, we grant the petition for review and remand to the BIA to determine whether, accepting Guan's testimony as credible, he is eligible for relief. *See INS v. Ventura,* 537 U.S. 12, 16–17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

**PETITION FOR REVIEW GRANTED and REMANDED.**